UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
TRUSTEES OF EMPIRES STATE CARPENTERS ANNUITY,
APPRENTICESHIP, LABOR-MANAGEMENT
COOPERATION, PENSION and WELFARE FUNDS,

                                  Plaintiffs,

-against-

PRECISION CONCRETE & MASONRY, INC.,

                                  Defendant.
----------------------------------------------------------------------X

**ORDER**
12-CV-5645 (ADS) (GRB)

**APPEARANCES:**

**Virginia & Ambinder LLP**
*Attorneys for the Plaintiff*
111 Broadway, 14th Floor – Suite 1403
New York, NY 10006
   By:  Charles R. Virginia, Esq.
          Richard B. Epstein, Esq., Of Counsel

**NO APPEARANCE:**

Precision Concrete & Masonry, Inc.

**SPATT, District Judge.**

On November 16, 2012, the Plaintiffs Trustees of Empires State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds ("the Plaintiffs") commenced this action against the Defendant Precision Concrete & Mansory, Inc. ("the Defendant"). The Plaintiffs allege that the Defendant failed to remit fringe benefit contributions to the funds as required by the collective bargaining agreement between the Defendant and the Northeast Regional Council of Carpenters and further failed to submit to an audit of its books and records as required by the CBA. Further, the Plaintiffs allege that they submitted the matter of the delinquent contributions to an arbitrator as required by the CBA, and received an arbitrator's award of $3,482.95. The Plaintiffs seek (1) confirmation of the arbitrator's award of $3,482.95 plus interest; (2) attorney's fees and costs

in this action; and (3) an injunction ordering that the Defendant make available its books and records for an audit.

On December 26, 2012, the Clerk of Court noted the default of the Defendant. On February 7, 2013, the Plaintiffs moved for a default judgment. Thereafter, on March 5, 2013, the Court referred this matter to United States Magistrate Judge Gary R. Brown for a recommendation as to whether the motion for a default judgment should be granted, and if so, (1) whether damages should be awarded, including reasonable attorney's fees and costs, and (2) whether any other relief should be granted

On August 13, 2013, Judge Brown issued a Report and Recommendation (the "Report") recommending that the Court (1) confirm the Arbitration Award of $3,482.95, plus interest from October 5, 2012 forward at the monthly rate of 0.75% on the principal sum of $2,135.19 , and at the annual rate of 10% on the principal sum of $350.00; (2) confirm the Arbitration Award's requirement that the Defendant submit to the Plaintiffs' audit of the Defendant's books and records; and (3) award the Plaintiffs attorneys' fees and costs related to this action in the amount of $915.50. (Report at 13–14.) On August 13, 2013, the Report was mailed to all parties. To date, there have been no objections filed to the Report.

In reviewing a report and recommendation, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." Wilds v. United Parcel Serv., 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). The Court has reviewed Judge Brown's Report and finds it to be persuasive and without any legal or factual errors. There being no objection to Judge Brown's Report, it is hereby

**ORDERED**, that Judge Brown's Report and Recommendation is adopted in its entirety. The Court (1) confirms the Arbitration Award of $3,482.95, plus interest from October 5, 2012 forward at

the monthly rate of 0.75% on the principal sum of $2,135.19 , and at the annual rate of 10% on the principal sum of $350.00; (2) confirms the Arbitration Award's requirement that the Defendant submit to the Plaintiffs' audit of the Defendant's books and records; and (3) awards the Plaintiffs attorneys' fees and costs related to this action in the amount of $915.50; and it is further

**ORDERED**, that the Clerk of the Court is directed to enter judgment in favor of the Plaintiffs and against the Defendant in the amount set forth above; and it is further

**ORDERED**, that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
September 3, 2013

___/s/ Arthur D. Spatt_____
ARTHUR D. SPATT
United States District Judge